999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
LAW LIBRARIAN FOLSOM STATE PRISON, et al., Defendants-Appellees.
 No. 93-15301.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant challenges the district court's order dismissing with prejudice his § 1983 case in which he claimed he was denied access to the courts. We affirm the district court.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Relying on Bounds v. Smith, 430 U.S. 817 (1977), the appellant brought a civil rights action claiming denial of meaningful access to the courts because the law librarian at his prison would not give him a pen to write legal documents.[1] A magistrate dismissed the complaint because the appellant had failed to allege how the lack of a pen caused actual injury, but gave the appellant thirty days to amend to show actual injury. The order explained that because lack of pens was not a core constitutional requirement under Ninth Circuit law, he was required to show how the deprivation resulted in an actual injury. The magistrate informed the appellant how to file an amended complaint and warned him that failure to file an amended complaint would result in the dismissal of his case. The magistrate also granted the appellant in forma pauperis status in the order.
 
 
 4
 The appellant filed objections to the magistrate's order claiming that he missed a deadline in a case before the Ninth Circuit. The appellant attached a show cause order for another case before the Ninth Circuit that asked him to file either an opening brief or a motion for extension of time within fourteen days or the action would be dismissed for failure to prosecute. There is no further indication in the record of the disposition of this case. A LEXIS search revealed that this court reversed and remanded the case without explanation in an unpublished disposition.
 
 
 5
 The magistrate responded to the objections in an order that gave the appellant another thirty days to amend his complaint. The magistrate said the appellant appeared to be confused by the first order that asked him to show actual injury, and that given the show cause order, the appellant may be able to meet this requirement. The magistrate again explained that since the lack of pens was not a core constitutional requirement, he must show an actual injury resulted from the deprivation.
 
 
 6
 The appellant filed a motion for reconsideration requesting de novo review by the district court. The appellant acknowledged he had not alleged actual injury, but claimed that he had set forth facts that established a cause of action. The appellant basically argued that a supply of pens to indigent prisoners is a core constitutional requirement under Bounds.
 
 
 7
 The district court granted the request for reconsideration of the magistrate's order and upon reconsideration affirmed it.
 
 
 8
 The magistrate made findings and recommendations that said the action should be dismissed with prejudice because the appellant had not amended his complaint. The court recommended dismissal with prejudice because it believed the appellant had no intention of filing an amended complaint. The recommendation told the appellant he had thirty days to object to it and warned him that failing to do so could result in the waiver of the right to appeal the district court's order.
 
 
 9
 The district court dismissed the appellant's complaint with prejudice. The order noted that the appellant had not objected to the magistrate's recommendations and findings, and it adopted those findings in full. The appellant timely filed this appeal.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 10
 The district court had jurisdiction under 28 U.S.C. § 1343(a)(3), and we have jurisdiction under 28 U.S.C. § 1291. We review a dismissal for failure to state a claim de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc).
 
 III.
 DISCUSSION
 
 11
 The appellant claims that because the prison librarian would not give him a pen, he was denied his constitutional right of meaningful access to the courts. Prisoners have a constitutional right of access to the courts. Bounds, 430 U.S. at 821. In the Bounds decision, the Court said, "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents...." Id. at 824. The holding in Bounds did not involve pens, but rather required prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (footnote omitted).
 
 
 12
 This Circuit has distinguished the core Bounds requirements of adequate law libraries or adequate assistance from persons trained in law from non-core requirements such as supply of pens, paper and supplies. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). When alleging a deprivation of a non-core requirement, a prisoner must allege an actual injury. Id. at 1171. This means a prisoner must point to a specific instance in which he was denied access to the courts. Id. If a prisoner fails to state an actual injury, he has not stated a claim upon which relief can be granted and dismissal is appropriate. The appellant has not alleged actual injury that resulted from the librarian's denial of a pen.
 
 
 13
 Normally if the prisoner is pro se and it is possible that he could allege actual injury, a court should reverse a dismissal, explain how the deficiencies could be cured, and allow the prisoner to amend his complaint. Id. at 1171-72. But in this case the appellant has been given many opportunities to amend his complaint and has refused to do so. Therefore, we affirm the district court's dismissal with prejudice.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint was written in pen. The appellant says that he borrowed it from a fellow inmate